**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS – SHERMAN DIVISION**

| | | |
|---|---|---|
| **FOSSIL RIDGE ROOFING & CONSTRUCTION, LLC,** | § | |
| **NORMAN O'NEAL, and SHAWANA O'NEAL,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| **v.** | § | **Cause No. 4:26-cv-00060** |
| | § | |
| **CODY BOREN,** | § | |
| *Defendant.* | § | |
| | § | |

**PLAINTIFFS' OPPOSED MOTION FOR ENTRY OF
SUPPLEMENTAL RULE 26(c) PROTECTIVE ORDER**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs Fossil Ridge Roofing & Construction, LLC, Norman O'Neal, and Shawana O'Neal file this Opposed Motion for Entry of Supplemental Protective Order, as follows:

## I.    RELIEF REQUESTED

1.    Plaintiffs request a Supplemental Rule 26(c) Protective Order governing confidential discovery material. Though the Court has entered a Rule 502 Protective Order (ECF No. 16), that order does not address confidentiality, customer information, employee information, financial records, business records, third-party information, or public use of nonpublic discovery material. Plaintiffs, therefore, request a supplemental protective order under Fed. R. Civ. P. 26(c).

2.    The proposed order governs discovery use only. It does not authorize sealed filings, does not alter Judge Jordan's Standing Order on Motions to Seal in Civil Cases, and does not permit any party to seal material merely because a party designated that material confidential in discovery.

3.    The proposed order does not restrain Defendant Boren from speaking about information he already knows or obtains lawfully outside discovery. It simply prevents any party from using nonpublic discovery material as fuel for online posts, videos, harassment, reputational attacks, customer contact, employee contact, or collateral pressure outside this lawsuit.

---

## II.    BACKGROUND

4.      This case arises from Defendant Cody Boren's online campaign accusing Plaintiffs of insurance fraud, theft, scamming, professional dishonesty, and related misconduct. Plaintiffs allege that Boren published those statements through Facebook videos, comments, and posts, urged others to amplify his accusations, sought out community groups in the Texoma market, and caused damage to Fossil Ridge's business reputation, customer relationships, employee relationships, and goodwill.

5.      Discovery will require Plaintiffs to produce confidential and sensitive materials, including customer communications, potential customer communications, employee and former employee information, internal financial information, job-cost records, vendor records, customer identities, business revenue information, business-development information, advertising information, and private communications. Those materials bear on damages, causation, mitigation, and Plaintiffs' business-disparagement and tortious-interference claims.

6.      Plaintiffs have a concrete and case-specific concern that Boren will misuse discovery material outside this litigation. Since this case began, Boren has continued to publish videos and posts about the pleadings, discovery topics, and filings in this case. He has attempted to turn allegations, pleadings, and litigation materials into online "evidence" for his accusations. Plaintiffs understand that he continues to seek out additional Facebook groups to join and additional audiences to reach so that he can continue spreading the same accusations that form the basis of this lawsuit. Additionally, Boren indicated to counsel for the Plaintiffs that he opposes an entry of the protective order as requested precisely because it removes the option for himprecisely because he intends to publish discovery information on social media-confirming the specific misuse this Motion seeks to prevent.

7.      That pattern creates the exact danger Rule 26(c) exists to prevent. Without a protective order, discovery will not simply exchange information for litigation. It will hand Boren new customer names, employee names, financial records, internal documents, and private communications that he can quote, excerpt, distort, and publish in the same online campaign that forms the basis of this case.

### III.    GOOD CAUSE EXISTS

8.      Rule 26(c)(1) authorizes the Court, for good cause, to issue an order protecting a party or person from oppression, undue burden, annoyance, or embarrassment. Fed. R. Civ. P. 26(c)(1). Rule 26(c)(1)(G) specifically authorizes the Court to protect confidential research, development, or commercial information. Fed. R. Civ. P. 26(c)(1)(G).

9.      Good cause exists here. The requested order addresses a specific, concrete risk: use of confidential discovery material in the same online campaign that Plaintiffs allege has already injured them. As set forth above, Boren has continued the very conduct alleged in this lawsuit while the case proceeds, has tried to turn pleadings into online proof, has sought additional online audiences, and has expressly indicated that he opposes this Motion because he wants to publish on social media what he learns through discovery. That conduct creates a specific and serious risk that he will misuse confidential discovery material to intensify the same campaign.

10.     The requested order addresses that risk in a narrow way. It limits only nonpublic discovery material. It does not restrict non-discovery outside knowledge. It only prevents use of confidential discovery for online publication, harassment, intimidation, retaliation, reputational attacks, or other purposes outside this lawsuit.

11.     The Supreme Court recognizes that litigants have no First Amendment right to use discovered information outside the lawsuit when the Court enters a protective order for good cause. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32-37 (1984). The Fifth Circuit requires a particular

and specific showing of harm for a protective order. *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Plaintiffs satisfy that standard because the harm does not rest on speculation. Defendant's alleged conduct, continuing videos, continuing posts about pleadings, and continuing efforts to expand his online audience show the specific risk that confidential discovery will become online content.

12.     Courts also recognize that discovery may require protective limits when disclosure creates privacy, harassment, or retaliation risks. *See Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016). That concern applies with special force here because third-party customers, prospective customers, employees, former employees, vendors, and social-media witnesses did not choose to become participants in Boren's online campaign.

13.     The proposed order applies equally to all parties. It permits the use of confidential discovery material for this lawsuit. It permits disclosure to the Court, parties, counsel, experts, vendors, witnesses, and other persons necessary for litigation. It permits challenges to confidentiality designations. It preserves the existing Rule 502 order. It does not authorize automatic filing under seal. It also preserves the Court's control over sealing.

14.     The proposed order also respects Judge Jordan's Standing Order on Motions to Seal in Civil Cases. Plaintiffs do not ask the Court to decide in advance that every confidential discovery document may be filed under seal. The proposed order draws the required line between discovery confidentiality and judicial-record sealing. It permits the parties to designate nonpublic discovery material as confidential for discovery but expressly requires any party who seeks to file under seal to comply with Judge Jordan's standing order, including the document-by-document and line-by-line showing required by *Binh Hoa Le*, *June Medical*, and *Bradley*. This preserves public access to judicial records while preventing discovery from becoming online ammunition.

15. The order simply prevents use of confidential discovery material for Facebook posts, Facebook Reels, Facebook groups, online commentary, videos, customer harassment, employee harassment, witness intimidation, reputational attacks, or any purpose outside this lawsuit.

### IV. TAX RETURNS AND FINANCIAL-CONDITION DISCOVERY REQUIRE SPECIFIC PROTECTION

16. The proposed order also includes specific safeguards for tax returns and tax-return information. Plaintiffs do not agree that their tax returns should be produced merely because Boren requested them. Plaintiffs' income and damages information can ordinarily be tested through less intrusive sources, including profit-and-loss records, bank records, job records, gross-receipts summaries, invoices, contracts, customer records, and damages disclosures. Income tax returns remain highly sensitive documents, and courts do not order their routine disclosure when less intrusive sources can supply the relevant information. *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993) ("Income tax returns are highly sensitive documents; courts are reluctant to order their routine disclosure as a part of discovery").

17. That said, this case includes a claim for exemplary damages against Boren. The defendant's net worth bears directly on the award of exemplary damages. Tex. Civ. Prac. & Rem. Code § 41.011(a)(6). Financial-condition discovery directed to Boren, therefore, stands on a different footing than Boren's request for Plaintiffs' tax returns. Plaintiffs do not seek a protective order that would foreclose proper discovery into Boren's net worth or other financial-condition evidence to the extent authorized by the Court and relevant to Plaintiffs' exemplary-damages claim.

18. The proposed order draws that line, not compelling production of any party's tax returns, and preserving  preserves all objections. But if the Court later orders production of tax returns or tax-return information, the proposed order requires targeted production limited to the portions

relevant to the issue for which the Court orders production, with all personal identifying data and sensitive identifying information redacted.

19.    For Boren's tax or financial-condition information, any ordered production should include the schedules or portions necessary to evaluate income, ownership interests, distributions, assets, liabilities, and net worth in connection with Plaintiffs' exemplary-damages claim.

20.    This limitation protects privacy without distorting the merits. It prevents unnecessary disclosure of Social Security numbers, taxpayer identification numbers, addresses, dependent information, bank-routing information, signatures, preparer information, unrelated deductions, credits, healthcare information, and other sensitive tax-return material. But it preserves Plaintiffs' ability to pursue financial-condition discovery that bears on punishment and deterrence if the Court authorizes that discovery.

## V.    REQUESTED TERMS

21.    Plaintiffs request a protective order that:

    a.  limits the use of confidential discovery material to this lawsuit;

    b.  prohibits every Party from publishing, posting, excerpting, quoting, paraphrasing, summarizing, or otherwise disclosing confidential discovery material on Facebook, social media, websites, videos, messages, public groups, private groups, or to persons not authorized by the order;

    c.  protects customer identities, customer communications, prospective customer communications, employee and former employee information, vendor records, financial records, bank records, tax information, job-cost records, internal business records, and proprietary commercial information;

    d.  protects sensitive tax return information from unnecessary production while preserving the relevant information for de-identified production;

e. allows Defendant, as a pro se litigant, to review confidential material for purposes of this case, with an obligation to return or destroy all confidential material at the conclusion of litigation, and prohibits him from using it for online commentary, public attacks, contacting third parties for harassment, or any purpose outside this case;

f. allows filing under seal only through the Court's procedure under its standing order; and

g. provides a mechanism to challenge confidentiality designations.

## VI.    CONCLUSION AND PRAYER

CONSIDERING the foregoing, Plaintiffs respectfully request that the Court grant this Motion, enter the attached Protective Order, and grant Plaintiffs all further relief to which they show themselves justly entitled.

Respectfully submitted,

By: */s/Quinn Roberts*
Quinn Roberts, Texas Bar No. 24143345, quinn@norredlaw.com
Warren V. Norred, Texas Bar No. 24045094, warren@norredlaw.com
NORRED LAW, PLLC; 515 E. Border Street; Arlington, Texas 76010
Telephone: (817) 704-3984; Facsimile: (817) 524-6686
*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I certify that on July 10, 2026, I filed the foregoing document with the Court using the designated e-filing service, which will electronically serve a true and correct copy of this Motion on Defendant Cody Boren (who is an ECF user).

*/s/Quinn Roberts*
Quinn Roberts

### CERTIFICATE OF CONFERENCE

I certify that counsel for Plaintiffs conferred with Defendant Cody Boren on July 9 and 10, 2026, by email and telephone regarding the relief requested in this Motion. Defendant opposes the entry of the attached Protective Order. This Motion is opposed at this time, but the parties' counsel are in discussion to determine if they can agree on the issue before the Court is required to consider it.

*/s/Quinn Roberts*
Quinn Roberts