**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS – SHERMAN DIVISION**

| | | |
|---|---|---|
| **FOSSIL RIDGE ROOFING & CONSTRUCTION, LLC,** | § | |
| **NORMAN O'NEAL, and SHAWANA O'NEAL,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| **v.** | § | **Cause No. 4:26-cv-00060** |
| | § | |
| | § | |
| **CODY BOREN,** | § | |
| *Defendant.* | § | |

<u>**SUPPLEMENTAL RULE 26(c) PROTECTIVE ORDER**</u>

The Court enters this Supplemental Protective Order under Fed. R. Civ. P. 26(c).

**I.     RELATIONSHIP TO EXISTING RULE 502 ORDER**

1.     The Court previously entered a Joint Federal Rule of Evidence 502 Protective Order. ECF No. 16. That Order remains in full force and effect. This Supplemental Protective Order does not amend, replace, or limit the Rule 502 order. This Order supplements the Rule 502 order by governing confidentiality and use of nonpublic discovery material.

**II.     PURPOSE**

2.     Discovery in this case may require production of confidential, private, proprietary, commercial, customer, employee, financial, and third-party information. The Court enters this Order to permit discovery while preventing misuse of nonpublic discovery material for harassment, embarrassment, oppression, competitive harm, online publication, reputational attack, or purposes outside this lawsuit.

3.     This Order does not restrict any party from using or discussing information that the party obtained lawfully outside discovery. This Order governs only Discovery Material, as defined below.

---

### III.    DEFINITIONS

4.      **"Discovery Material"** means documents, electronically stored information, written discovery responses, deposition testimony, deposition exhibits, subpoenas, subpoena responses, declarations, photographs, videos, audio recordings, social-media data, messages, financial records, business records, and other information produced, served, disclosed, or obtained in discovery in this case.

5.      **"Confidential Information"** means nonpublic Discovery Material that a producing party or nonparty designates in good faith as confidential because it contains or reflects:

    a.  customer identities, customer contact information, customer communications, prospective customer communications, lead information, or customer project files;

    b.  employee, former employee, contractor, subcontractor, or personnel information;

    c.  vendor information, subcontractor information, pricing, invoices, job-cost records, payment records, estimates, internal accounting, margin information, profit information, bank information, tax information, financial statements, or other financial records;

    d.  proprietary business information, trade secrets, business strategy, marketing strategy, advertising information, SEO information, customer acquisition information, or competitive commercial information;

    e.  private personal information, family information, personal contact information, private messages, or information that could reasonably expose a party, witness, customer, employee, former employee, vendor, subcontractor, or nonparty to harassment, embarrassment, intimidation, retaliation, or reputational harm;

    f.  nonpublic social-media data, analytics, comments, messages, screenshots, account information, deleted posts, draft posts, communications, or similar materials obtained through discovery;

g.  tax returns, tax schedules, tax forms, tax-return excerpts, W-2s, 1099s, K-1s, and other tax-return or financial-condition information; or

h.  any other nonpublic information that a party or nonparty reasonably and in good faith believes requires protection under Fed. R. Civ. P. 26(c).

6.  **"Producing Party"** means any party or nonparty who produces or discloses Discovery Material.

7.  **"Receiving Party"** means any party that receives Discovery Material.

## IV.    TERMS OF THIS ORDER

**1.  Designation.**

8.  A Producing Party may designate Discovery Material as confidential by marking it "CONFIDENTIAL" or by otherwise clearly identifying the material as confidential in writing.

9.  For deposition testimony, a party or nonparty may designate testimony as confidential on the record or by written notice within 21 days after receiving the transcript. Until that 21-day period expires, the parties must treat the transcript and exhibits as confidential unless all parties agree otherwise in writing.

10.  A Producing Party must make confidentiality designations in good faith. A Producing Party must not designate material as confidential for an improper purpose or solely to burden another party.

**2.  Use Limited to This Lawsuit.**

11.  A Receiving Party may use Confidential Information only for purposes of prosecuting, defending, evaluating, mediating, settling, or appealing this lawsuit.

12.  A Receiving Party must not use Confidential Information for any business, competitive, personal, public-relations, social-media, harassment, intimidation, retaliation, reputational-attack, or non-litigation purpose.

**3.  No Public or Online Disclosure.**

13.    A Receiving Party must not publish, post, upload, display, quote, excerpt, paraphrase, summarize, describe, or disclose Confidential Information, or the substance of Confidential Information, in any public or private forum outside this lawsuit.

14.    This prohibition includes disclosure through Facebook, Facebook groups, Facebook Reels, Instagram, TikTok, X, YouTube, websites, blogs, podcasts, livestreams, text-message groups, email lists, private social-media groups, public social-media groups, direct messages to persons not authorized under this Order, or any other online or offline publication.

15.    A Receiving Party must not use Confidential Information to create videos, posts, comments, captions, memes, summaries, graphics, screenshots, or other content for public or private distribution outside this lawsuit.

**4.  Persons Who May Receive Confidential Information.**

16.    Unless the Producing Party agrees in writing or the Court orders otherwise, a Receiving Party may disclose Confidential Information only to:

    a.  the Court and its personnel;

    b.  counsel of record and counsel's employees, contractors, vendors, and agents assisting with this lawsuit;

    c.  the parties, including Defendant Cody Boren, solely for purposes of this lawsuit;

    d.  court reporters, videographers, translators, litigation-support vendors, copying vendors, e-discovery vendors, and document-management vendors retained for this lawsuit;

    e.  experts or consultants retained for this lawsuit, if they first sign the acknowledgment attached as Exhibit A;

    f.  witnesses or potential witnesses if the Receiving Party or counsel reasonably believes disclosure is necessary for testimony, investigation, or preparation in this lawsuit, and if

the witness first signs the acknowledgment attached as Exhibit A, unless counsel places the substance of this Order on the record during a deposition;

g.  the author, recipient, or custodian of the document or information, but only as to the specific document or information authored, received, or maintained by that person;

h.  mediators or settlement officers retained or appointed in this lawsuit; and

i.  any other person to whom the Producing Party agrees in writing or the Court permits by Order.

**5.  Special Provision for Pro Se Defendant.**

17.    Defendant Cody Boren may review Confidential Information for purposes of defending this lawsuit. Defendant must not disclose Confidential Information to any person except as this Order permits. Defendant must not post, publish, quote, excerpt, paraphrase, summarize, or describe Confidential Information online or offline. Defendant must not use Confidential Information to contact customers, prospective customers, employees, former employees, subcontractors, vendors, family members, social-media users, group administrators, reviewers, commenters, or other third parties for harassment, intimidation, retaliation, pressure, or online content.

18.    Nothing in this Order prevents Defendant from communicating with persons in good faith for legitimate investigation or defense of this lawsuit, provided he does not disclose Confidential Information except as this Order permits and does not use Confidential Information for harassment, public pressure, retaliation, or online publication.

**6.  Third-Party Information.**

19.    The parties must use particular care with Discovery Material that identifies customers, prospective customers, employees, former employees, subcontractors, vendors, reviewers, commenters, social-media users, or other nonparties.

20.     A Receiving Party must not use Confidential Information to harass, embarrass, intimidate, retaliate against, pressure, or publicly identify any nonparty.

**7.  Challenges to Designations.**

21.     A Receiving Party may challenge a confidentiality designation by sending written notice to the Producing Party that identifies the challenged material and states the basis for the challenge. The parties must confer in good faith. If the parties cannot resolve the challenge, the challenging party may move the Court for relief.

22.     The Producing Party bears the burden to support the confidentiality designation if the challenge reaches the Court. Until the Court rules or the Producing Party withdraws the designation, the Receiving Party must treat the material as confidential.

**8.  Inadvertent Failure to Designate.**

23.     A Producing Party's inadvertent failure to designate Discovery Material as confidential does not waive confidentiality. Upon receiving written notice of the designation, a Receiving Party must treat the material as confidential and make reasonable efforts to retrieve or destroy any unauthorized disclosure.

**9.  Privilege and Work Product.**

24.     This Order does not affect the Joint Federal Rule of Evidence 502 Protective Order. ECF No. 16. The Rule 502 order continues to govern attorney-client privilege, work-product protection, inadvertent production, and clawback.

**10. Filing Confidential Information.**

25.     This Order governs discovery use. It does not authorize any party to file any document under seal. A designation of "CONFIDENTIAL" under this Order does not establish that the material may be filed under seal, does not overcome the presumption of public access to judicial

records, and does not relieve any party from complying with Judge Sean D. Jordan's Standing Order on Motions to Seal in Civil Cases.

26.     Any party that seeks to file Confidential Information under seal must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and Judge Jordan's Standing Order on Motions to Seal in Civil Cases. The movant must make the required showing under controlling law, including *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417-21 (5th Cir. 2021), *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022), and *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020).

27.     Nothing in this Order permits a party to seal a document merely because another party designated it confidential in discovery.

## 11. Tax Returns and Financial-Condition Information.

28.     Nothing in this Order requires any party to produce tax returns, tax schedules, tax forms, tax workpapers, accountant communications, or tax-return information. Nothing in this Order waives any objection to the production of those materials.

29.     If a party requests tax returns or tax-return information and the Producing Party objects, the Receiving Party must obtain a Court order before requiring production. If the Court orders production of tax returns or tax-return information, or if a Producing Party agrees to produce tax-return information, production must occur only in the narrowest form necessary to comply with the Court's order or the Producing Party's agreement.

30.     For tax-return information sought from Defendant Cody Boren concerning Plaintiffs' exemplary-damages claim, production must be limited to schedules, forms, or portions of returns that show income, ownership interests, distributions, capital gains, business income, asset-related income, liability-related information, or other financial-condition information relevant to Boren's

net worth, punishment, deterrence, or the amount of exemplary damages, unless the Court orders otherwise.

31.     The Producing Party need not produce complete tax returns, unrelated schedules, unrelated attachments, tax workpapers, accountant notes, healthcare information, dependent information, deduction schedules, credit schedules, or other tax-return material that does not bear on the issue for which the Court orders production.

32.     Before producing any tax-return material, the Producing Party must redact all personal identifying data and sensitive identifying information, including Social Security numbers, taxpayer identification numbers, employer identification numbers, individual taxpayer identification numbers, addresses, telephone numbers, email addresses, dates of birth, dependent names and identifying information, bank-account numbers, routing numbers, direct-deposit information, IP PINs, signatures, preparer tax identification numbers, preparer signatures, and any barcode, QR code, or similar embedded data that may reveal protected identifying information.

33.     Any produced tax-return material must be designated CONFIDENTIAL under this Order. A Receiving Party may use tax-return material only for purposes of this lawsuit. A Receiving Party must not publish, post, quote, excerpt, summarize, paraphrase, describe, or disclose tax-return material or its contents outside this lawsuit.

**12. Subpoenas Or Compulsory Process.**

34.     If a Receiving Party receives a subpoena, court order, public-records request, or other compulsory process seeking Confidential Information, the Receiving Party must promptly notify the Producing Party in writing and provide a copy of the request or order. The Receiving Party must not produce the Confidential Information before the Producing Party has a reasonable opportunity to seek protection, unless law or court order requires earlier production.

**13. No Admission.**

35.    A confidentiality designation does not constitute an admission that the material has any particular relevance, admissibility, confidentiality, privilege, or evidentiary status. A party may object to discovery, admissibility, use, or confidentiality on any proper ground.

**14. Return or Destruction.**

36.    Within 60 days after final disposition of this case, including all appeals, a Receiving Party must return or destroy Confidential Information upon written request by the Producing Party. Counsel may retain archival copies of pleadings, motion papers, discovery responses, deposition transcripts, exhibits, attorney work product, and correspondence, subject to this Order.

37.    Defendant Cody Boren must return or destroy Confidential Information in his possession, custody, or control within 60 days after final disposition if Plaintiffs request return or destruction in writing. Defendant must certify compliance in writing upon request.

**15. Survival.**

38.    This Order remains in effect after final disposition of this case unless the Court orders otherwise. The Court retains jurisdiction to enforce this Order.

**16. Sanctions.**

39.    Any violation of this Order may subject the violating person to sanctions, contempt, evidentiary restrictions, monetary relief, injunctive relief, or any other relief available under the Federal Rules of Civil Procedure, the Court's inherent authority, or applicable law.

SO ORDERED on this _____, 2026.


_____

JUDGE PRESIDING

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I have read the Supplemental Rule 26(c) Protective Order entered in *Fossil Ridge Roofing & Construction, LLC, Norman O'Neal, and Shawana O'Neal v. Cody Boren*, Cause No. 4:26-cv-00060, in the United States District Court for the Eastern District of Texas. I agree to comply with and be bound by that Order.

I understand that I may use Confidential Information only for purposes of this lawsuit. I understand that I may not disclose, publish, post, quote, excerpt, summarize, paraphrase, describe, or use Confidential Information for any purpose outside this lawsuit. I understand that violation of the Order may subject me to sanctions, contempt, or other relief ordered by the Court.

Date: _____

Printed Name: _____

Signature: _____

Address: _____

Telephone: _____

Email: _____