# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS - SHERMAN DIVISION

**CAUSE NO. 4:26-cv-00060**

| | | |
|---|---|---|
| **FOSSIL RIDGE ROOFING & CONSTRUCTION, LLC,** | § | |
| **NORMAN O'NEAL, and SHAWANA O'NEAL,** | § | |
| *Plaintiffs,* | § | |
| | § | **4:26-cv-00060** |
| **v.** | § | |
| | § | |
| **CODY BOREN,** | § | |
| *Defendant.* | § | |

## DEFENDANT CODY BOREN'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUPPLEMENTAL RULE 26(c) PROTECTIVE ORDER

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

COME NOW Defendant Cody Boren, appearing pro se, and files this Opposition to Plaintiffs' Motion for Supplemental Rule 26(c) Protective Order.

### I. INTRODUCTION

Plaintiffs Fossil Ridge Roofing & Construction, LLC, Norman O'Neal, and Shawana O'Neal have filed a Motion for a Supplemental Rule 26(c) Protective Order - ECF No. 28. The Proposed Order is attached. Defendant opposes the Motion because the Proposed Order is overbroad, asymmetric, and improperly designed to silence a pro se defendant from defending himself both in court and in the court of public opinion. The Order singles out Defendant by

name, imposes sweeping gag restrictions that extend beyond legitimate confidentiality concerns, and imposes indefinite secrecy obligations that survive final judgment.

## II. LEGAL STANDARD

A party may move for a protective order under Federal Rule of Civil Procedure 26(c) when the party shows "good cause" that discovery would cause "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking the protective order bears the burden of showing good cause. See, e.g., In re *Gentiva Securities Litigation,* 586 F. Supp. 2d 701, 706 (S.D.N.Y. 2008). The order must be narrowly tailored to address specific harms, not used as a blanket gag order. See *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). A protective order must be "no broader than necessary to protect the specific interests at stake." Id.

## III. ARGUMENT

### A. The Proposed Order Is Overbroad and Impermissibly Silences a Pro Se Defendant.

The Proposed Order's core defect is its breathtaking scope. Paragraphs 12–15 establish a blanket prohibition on disclosing any "Confidential Information" outside the lawsuit. Paragraph 14 then bans disclosure through "Facebook, Facebook groups, Facebook Reels, Instagram, TikTok, X, YouTube, websites, blogs, podcasts, livestreams, text-message groups, email lists, private social-media groups, public social-media groups, direct messages to persons not authorized under this Order, or any other online or offline publication." Paragraph 15 goes further, banning the use of Confidential Information to create "videos, posts, comments,

captions, memes, summaries, graphics, screenshots, or other content for public or private distribution outside this lawsuit."

This is not a protective order. It is a prior restraint on speech masquerading as discovery protection. Defendant is a pro se litigant who has been the target of a public social-media campaign by Plaintiffs. The Proposed Order would prevent Defendant from discussing publicly available information, his own experiences, or even defending himself online against Plaintiffs' attacks. The First Amendment protects a party's right to speak about matters of public concern, and protective orders must not be used to silence legitimate public commentary. See *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 221 (6th Cir. 1996).

## B. The Proposed Order Is Asymmetric and Prejudicial to Defendant.

The Proposed Order repeatedly singles out Defendant Cody Boren by name while imposing no comparable restrictions on Plaintiffs. Paragraph 17 states: "Defendant Cody Boren may review Confidential Information for purposes of defending this lawsuit. Defendant must not disclose Confidential Information to any person except as this Order permits." Paragraph 37 requires Defendant to "return or destroy Confidential Information in his possession, custody, or control within 60 days after final disposition," while allowing "Counsel [to] retain archival copies of pleadings, motion papers, discovery responses, deposition transcripts, exhibits, attorney work product, and correspondence."

This asymmetry is indefensible. Plaintiffs' counsel may retain archives indefinitely, but the pro se defendant must destroy his materials. Plaintiffs may continue their public-relations and social-media activities without restriction, but Defendant is gagged. A protective order must

apply evenhandedly; it cannot be weaponized to disadvantage a pro se litigant. See generally In re *Continental Illinois Securities Litigation,* 732 F.2d 1302, 1315 (7th Cir. 1984).

## C. The "Confidential Information" Definition Is Unbounded and Subjective.

Paragraph 5(e) defines "Confidential Information" to include "private personal information, family information, personal contact information, private messages, or information that could reasonably expose a party, witness, customer, employee, former employee, vendor, subcontractor, or nonparty to harassment, embarrassment, intimidation, retaliation, or reputational harm." Paragraph 5(h) adds "any other nonpublic information that a party or nonparty reasonably and in good faith believes requires protection."

This is a blank check. "Reputational harm" and "embarrassment" are inherently subjective. Plaintiffs could designate virtually any unflattering fact as "confidential" and use the Order to prevent Defendant from rebutting their public accusations. The definition is not tethered to any legitimate discovery interest; it is designed to suppress inconvenient truths. See *Semitool,* 208 F.R.D. at 276 (protective order must be "no broader than necessary").

## D. The Order Imposes Indefinite Secrecy Obligations.

Paragraph 38 states: "This Order remains in effect after final disposition of this case unless the Court orders otherwise." This is extraordinary. Protective orders typically expire at the conclusion of litigation. By making the Order perpetual, Plaintiffs seek to impose a lifetime gag on a pro se defendant. There is no legitimate litigation need for secrecy after final judgment; the only purpose is to ensure Defendant can never discuss this case publicly. The Court should reject this provision.

**E. The Retroactive Designation Provision Is Unfair.**

Paragraph 23 provides that "[a] Producing Party's inadvertent failure to designate Discovery Material as confidential does not waive confidentiality. Upon receiving written notice of the designation, a Receiving Party must treat the material as confidential and make reasonable efforts to retrieve or destroy any unauthorized disclosure." This means Plaintiffs can retroactively designate anything as confidential after Defendant has already seen it, and then demand that he track down and destroy any copies. This is procedurally unfair and practically impossible for a pro se litigant. It places an ongoing, indefinite burden on Defendant to monitor and purge materials based on after-the-fact designations.

**F. The Proposed Order Seeks to Seal Public Records Without Compliance with the Sealing Standards.**

Paragraphs 25–27 attempt to create a framework for filing documents under seal, but they do not comply with Judge Jordan's Standing Order on Motions to Seal or Fifth Circuit precedent. A protective order cannot shortcut the stringent requirements for sealing judicial records. See *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–21 (5th Cir. 2021). Plaintiffs cannot use a Rule 26(c) order to evade the public-access presumption.

**G. The Tax-Return Provisions Are Asymmetrical and Premature.**

Section 11 (Paragraphs 28–33) creates a specialized framework for tax-return discovery. While Paragraph 28 states that the Order does not require tax-return production or waive objections, Paragraph 30 explicitly singles out "Defendant Cody Boren" by name, creating an asymmetrical roadmap for Plaintiffs to seek Defendant's financial records while insulating their

own from comparable scrutiny. This provision presumes the appropriateness of net-worth discovery before liability for exemplary damages has even been established. Under FRCP 26(b)(1), discovery must be proportional to the needs of the case. Premature net-worth discovery is disfavored because it invades privacy and presumes the very liability that remains contested. Further, because Paragraph 28 already preserves all objections to tax-return production, Section 11's elaborate framework is unnecessary and prejudicial. The proper procedure is for a party to request such information through ordinary discovery, and for the opposing party to object on relevance, proportionality, and privacy grounds at that time—not for a protective order to presumptively legitimize such discovery in advance.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court DENY Plaintiffs' Motion for Supplemental Rule 26(c) Protective Order in its entirety.

Alternatively, if the Court is inclined to enter a protective order, Defendant respectfully requests that the Court adopt Defendant's Alternative Proposed Protective Order, which Defendant will submit for the Court's consideration, or limit any order to:

(a) a narrowly tailored definition of Confidential Information limited to trade secrets, proprietary business data, and nonpublic personal identifying information; (b) symmetrical obligations applying equally to all parties and counsel; (c) expiration of confidentiality obligations upon final disposition of the case; (d) removal of the retroactive-designation provision; and (e) removal of the overbroad social-media and public-discussion prohibitions.

Respectfully submitted,

/s/ Cody Boren

Cody Boren Pro Se

129 Highland Dr

Durant, OK 74701

(903) 815-0270

cbram88@gmail.com

Date: July 13, 2026

CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's ECF system.

/s/ Cody Boren

Cody Boren