IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS - SHERMAN DIVISION

CAUSE NO. 4:26-cv-00060

| | | |
|---|---|---|
| FOSSIL RIDGE ROOFING & CONSTRUCTION, LLC, | § | |
| NORMAN O'NEAL, and SHAWANA O'NEAL, | § | |
|     *Plaintiffs,* | § | |
| | § | **4:26-cv-00060** |
| v. | § | |
| | § | |
| CODY BOREN, | § | |
|     *Defendant.* | § | |

**DEFENDANT'S PROPOSED ALTERNATIVE PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds that the following Protective Order is necessary to protect the parties from improper disclosure of confidential discovery materials while ensuring that this litigation proceeds openly and efficiently. Accordingly, IT IS HEREBY ORDERED that:

**ARTICLE I: DEFINITIONS**

1. "Confidential Information" as used in this Order means any document, testimony, or information produced by any party in this litigation that is designated as "CONFIDENTIAL" and falls into one of the following narrow categories: a. Proprietary business information not in the public domain, including trade secrets, non-public profit margins, non-public pricing formulas, and non-public customer lists. b. Personal Identifying Information ("PII"), including Social Security numbers, dates of birth,

financial account numbers, driver's license numbers, and personal medical records. c. Insurance policy information, including policy numbers, coverage limits, and non-public claims handling information. d. Information protected from disclosure by the attorney-client privilege or the work-product doctrine.

2. Exclusions. Information shall not be designated as Confidential Information if it is: (a) publicly available or becomes publicly available through no breach of this Order; (b) part of a pleading, motion, or other document filed with the Court; (c) admitted into evidence at a public hearing or trial; or (d) was lawfully in the receiving party's possession prior to disclosure in this case.

## ARTICLE II: DESIGNATION AND CHALLENGE PROCEDURE

3. Designation. A party may designate information as "CONFIDENTIAL" by stamping or affixing that legend to the document. Any document produced without such a designation shall be deemed non-confidential. No retroactive designation is permitted.

4. Challenge to Designation. If a party objects to the designation of any information as "CONFIDENTIAL," that party shall notify the designating party in writing within fourteen (14) days of receipt of the material.

5. Meet and Confer. The parties shall meet and confer in good faith within seven (7) days of the objection to resolve the dispute.

6. Motion to Uphold Designation. If the parties cannot resolve the dispute, the designating party must file a motion with the Court to uphold the "CONFIDENTIAL" designation within fourteen (14) days of the meet-and-confer session. If the designating party fails to

file such a motion, the designation is waived, and the information shall no longer be subject to this Order.

7.  Attorneys' Fees. The party that does not prevail on a motion to uphold a designation shall pay the prevailing party's reasonable attorneys' fees and costs incurred in connection with that motion, unless the Court finds that the non-prevailing party's position was substantially justified.

## ARTICLE III: PERMITTED DISCLOSURES

8.  Confidential Information may be disclosed only to the following persons: a. The parties to this litigation; b. Counsel for the parties, including their partners, associates, and support staff; c. The Court and its personnel; d. Court reporters and videographers involved in depositions; e. Experts and consultants retained by a party for this litigation; f. Witnesses during deposition or trial testimony, provided they are first shown this Order.

## ARTICLE IV: USE AT TRIAL AND PUBLIC HEARINGS

9.  Nothing in this Order shall be construed to restrict the use or disclosure of any document, testimony, or other information at any public hearing or trial in this action. Any information that is used in a public hearing or trial shall lose its confidential status.

## ARTICLE V: TAX RETURNS AND NET WORTH DISCOVERY

10. This Order applies equally to all parties. No provision herein shall be construed to create a different standard or procedure for financial discovery sought from any specific party.

All parties retain their rights to object to discovery requests for tax returns, net worth information, or other financial data on any grounds permitted by the Federal Rules of Civil Procedure, including relevance and proportionality under Rule 26(b)(1).

## ARTICLE VI: DURATION AND RETURN/DESTRUCTION

11. Duration. This Order shall remain in effect until the entry of a final, non-appealable judgment. Thirty (30) days after the final termination of this case, including all appeals, this Order shall expire.

12. Return or Destruction. Within sixty (60) days of the final termination of this case, each party shall, upon written request, either return to the producing party or destroy all Confidential Information. All parties and their counsel are subject to the same obligations under this paragraph.

## ARTICLE VII: VIOLATIONS AND ENFORCEMENT

13. Any violation of this Order may subject the offending party to sanctions as deemed appropriate by the Court.

## ARTICLE VIII: RELATION TO OTHER DISCOVERY ORDERS

14. This Order shall not abrogate or modify any other discovery order entered by the Court. It is intended to provide a framework for the handling of confidential materials produced in discovery.

IT IS SO ORDERED.

SIGNED this _____ day of _____, 2026.

_____

UNITED STATES DISTRICT JUDGE

Respectfully submitted,

*/s/ Cody Boren*

Cody Boren, Pro Se

129 Highland Dr

Durant, OK 74701

(903) 815-0270

cbram88@gmail.com